UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MSP RECOVERY CLAIMS, SERIES LLC, a Delaware series limited liability company; and MSPA CLAIMS 1, LLC, a Florida limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>ABBOTT LABORATORIES, ABBOTT DIABETES CARE, INC., ABBOTT DIABETES CARE SALES CORP., BAYER HEALTHCARE, LLC, ASCENSIA DIABETES CARE U.S. INC., LIFESCAN, INC., JOHNSON & JOHNSON, and ROCHE DIAGNOSTICS CORP.,<br><br>Defendants. | Civil Action No. 19-21607 (FLW) (RLS)<br><br>**MEMORANDUM OPINION AND ORDER** |

SINGH, United States Magistrate Judge.

This matter comes before the Court upon a Motion by Defendants Abbott Laboratories, Abbott Diabetes Care, Inc., Abbott Diabetes Care Sales Corporation, Bayer Healthcare, LLC, Ascensia Diabetes Care US Inc., Lifescan, Inc., Johnson & Johnson, and Roche Diagnostics Corporation (collectively, "Defendants") to Strike Claims and Compel Discovery from the assignors of Plaintiffs MSP Recovery Claims, Series LLC, a Delaware series limited liability company, and MSPA Claims 1, LLC, a Florida limited liability company, (collectively, "Plaintiffs") (the "Motion"). (Dkt. No. 131). Plaintiffs oppose the Motion, (Dkt. No. 132), to which Defendants have replied, (Dkt. No. 133). The Court has fully reviewed the submissions of the parties and considers the same without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the reasons set forth below, Defendants' Motion is GRANTED IN PART and DENIED IN PART.

## I.     BACKGROUND AND PROCEDURAL HISTORY

This action arises out of Plaintiffs' allegations that Defendants, manufacturers of insulin-related test strips, engaged in fraudulent pricing schemes related to those test strips. (*See generally* Compl., Dkt. No. 1). Plaintiffs contend that the alleged scheme led to third-party payors to overpay for test strips on behalf of their enrollees throughout the United States. (Dkt. No. 1 at ¶ 8). Plaintiffs allege that forty-nine (49) of these third-party payors (the "Assignors") assigned recovery rights to Plaintiffs, "including the right to recover overpayments for test strips." (Dkt. No. 1 at ¶ 7).

On May 28, 2021, the Court granted in part and denied in part Defendants' motion to dismiss Plaintiffs' Complaint. (Dkt. Nos. 73, 74). Thereafter, on October 29, 2021, the Court held an initial scheduling conference pursuant to Rule 16 of the Federal Rules of Civil Procedure. (*See* Dkt. No. 106). Following that conference, the Court ordered on November 16, 2021 that, "[b]y November 12, 2021, defendants [were] to serve written discovery demands on plaintiffs regarding the identity, nature, and role of the plaintiffs' [A]ssignors and the assignments, the identity and role of 'upstream' entities with whom the [A]ssignors contract, and the risk sharing agreements entered into by the [A]ssignors." (Dkt. No. 106 at ¶ 1). The Court further ordered that "[b]y December 13, 2021, plaintiffs [were] to respond to defendants' written discovery demands and produce responsive documents." (Dkt. No. 106 at ¶ 2).

On February 18, 2022, the Court entered a Pretrial Scheduling Order, setting a schedule for discovery in this matter. (Dkt. No. 120). Relevant to the instant Motion, the Pretrial Scheduling Order required that: "counsel for Plaintiff is to email all [A]ssignors to confirm their willingness and ability to participate in this litigation by no later than February 14, 2022. Counsel should provide the [A]ssignors until March 11, 2022 to respond to the email[.]" (Dkt. No. 120 at p. 1). The Court also ordered that "by no later than March 11, 2022, Plaintiffs are to produce the

2

remaining documents related to the [A]ssignors which are responsive to the Court's November 16, 2022 Order[.]" (Dkt. No. 120 at p. 1).

Pursuant to that Pretrial Scheduling Order, Plaintiffs sent an email to its alleged Assignors, asking for confirmation of their willingness and ability to participate in the lawsuit. (*See* Dkt. No. 131-1, Ex. A at Ex. 1). Notably, three (3) of the Assignors replied to the email that they would not participate in this lawsuit, and thirty (30) of the Assignors did not reply to the email. (Dkt. No. 131-1, Ex. A at Ex. 1). It appears that sixteen (16) of the Assignors did reply that they would participate in the lawsuit. (*See* Dkt. No. 131-1, Ex. A at Ex. 1). Plaintiffs also provided responses to Defendants' written discovery requests, stating they would provide discovery from a representative subset of the Assignors. (*See* Dkt. No. 131-1, Ex. A at Ex. 2). Through the process, Plaintiffs agreed to remove ten (10) of the Assignors from the case but maintained the viability of claims relating to twenty-two (22) of the Assignors that did not reply and one (1) Assignor that replied with an unwillingness to participate. (*See* Dkt. No. 131-1, Ex. A at Exs. 1, 2). As a result, Defendants now challenge Plaintiffs' ability to move forward in this case as to those twenty-three (23) Assignors.[1]

Specifically, Defendants seek an order that: (1) precludes Plaintiffs from proceeding on "representative discovery" of Assignors and compels Plaintiffs "to produce the same documents

---

[1] For clarity, those Assignors are: (1) 7th Avenue Medical Plaza, Inc.; (2) Aspire Health Plan; (3) Broward Primary Partners, LLC; (4) Choice One Medical Group, LLC; (5) ConnectiCare, Inc.; (6) Family Physicians of Winter Park P.A. d/b/a Family Physicians Group, Florida; (7) Health Care Advisor Services, Inc.; (8) Health First Health Plans, Inc.; (9) Hygea Health Holdings, Inc.; (10) Interamerican Medical Center Group, LLC; (11) MCCI Group Holdings, LLC; (12) Medical IPA of the Palm Beaches, Inc.; (13) Network Health, Inc.; (14) Palm Beach Primary Care Associates, Inc.; (15) Preferred Primary Care Partners, LLC; (16) Professional Health Choice, Inc.; (17) Risk Watchers, Inc.; (18) SummaCare, Inc.; (19) Suncoast Medical Network 2, Inc.; (20) University Health Care MSO, Inc.; (21) Verimed IPA, LLC; (22) Vidamax Medical Center for St. Jude Medical Group Corp.; and (23) Medical Consultants Management, LLC. (Dkt. No. 131-1, Ex. A at Ex. 1).

3

and information from each Assignor that Defendants would have been entitled to if the Assignor had brought the lawsuit itself"; and (2) strikes "with prejudice all claims [Plaintiffs] purport[] to bring on behalf of the 23 Assignors who failed to confirm their participation in the case by the court-ordered deadline of March 11, 2022 (or within the last two months thereafter)." (Dkt. No. 131-1 at pp. 1-2). Defendants argue that Plaintiffs, as assignees, bear the same burden in discovery that the Assignors would carry and rely on a decision from the District of New Jersey addressing a very similar issue, *MSP Recovery Claims, Series, LLC v. Sanofi-Aventis U.S. LLC*, No. 18-2211 (BRM), 2021 WL 7837251 (D.N.J. Jan. 20, 2021) (R. & R. of Special Master), *aff'd*, 2021 WL 4306866 (D.N.J. Sept. 22, 2021). (*See* Dkt. No. 131-1 at pp. 11-13). They further contend that, because Plaintiffs are pursuing consumer fraud claims on behalf of the Assignors under varying state laws, Defendants are entitled to discovery from each Assignor to challenge the allegations that the Assignor meets the elements of those consumer fraud claims. (*See* Dkt. No. 131-1 at p. 14). Defendants then posit that "any Assignor's unwillingness to participate in discovery or this litigation is dispositive" and, therefore, seek the Court to strike the claims related to the twenty-three (23) contested Assignors. (Dkt. No. 131-1 at pp. 15-16). Defendants argue that, without these Assignors' compliance in discovery, "the resulting prejudice supports dismissal." (Dkt. No. 131-1 at p. 15).

Plaintiffs oppose Defendants' Motion, focusing their contentions on the request to strike the claims relating to the twenty-three (23) contested Assignors. (*See* Dkt. No. 132 at p. 11). Plaintiffs argue that the intent of the February 18, 2022 Pretrial Scheduling Order was not to create preclusive effect on claims relating to those Assignors who responded negatively or failed to respond to the Court-ordered email. (*See* Dkt. No. 132 at pp. 11-14). They point out that the Pretrial Scheduling Order provided no notice that claims would be subject to dismissal with

prejudice absent compliance and an affirmative response. (*See* Dkt. No. 132 at pp. 13-14). Plaintiffs further argue that dismissal is not warranted as a sanction when considering the applicable factors, as set forth in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984). (*See* Dkt. No. 132 at pp. 14-18). Finally, Plaintiffs add that the issue of dismissal is premature at this stage of the lawsuit, particularly given that discovery is ongoing, and that there are alternative means by which the parties may garner the underlying discovery as to the twenty-three (23) contested Assignors, such as through third-party subpoenas. (*See* Dkt. No. 132 at pp. 18-22).

In reply, Defendants postulate that the only reason for the email required by the Pretrial Scheduling Order must have been to limit the case to only those participating Assignors. (*See* Dkt. No. 133 at pp. 6-7). Defendants contend that Plaintiffs were aware of the preclusive effect to the Assignors for failure to commit to participating in the litigation and, regardless, notice of the preclusive effect to the Assignors was not required. (*See* Dkt. No. 133 at pp. 7-8). Defendants also argue that Plaintiffs' attempt to improperly shift the burden of production in the discovery process to Defendants by suggesting that Defendants must first serve third-party subpoenas on the Assignors before seeking dismissal. (*See* Dkt. No. 133 at pp. 10-12). Finally, Defendants add that striking the contested twenty-three (23) Assignors' claims is an appropriate remedy pursuant to Rule 16(f) of the Federal Rules of Civil Procedure; and, even if the Court were to construe the request as one for sanctions under Rule 37 of the Federal Rules of Civil Procedure, Defendants have made a sufficient showing that each of the *Poulis* factors exist here. (*See* Dkt. No. 133 at p. 12).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16 grants a court with broad discretion to control and manage discovery. *See Newton v. A.C. & Sons, Inc.*, 918 F.2d 1121, 1126 (3d Cir. 1990). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). A party moving to compel discovery bears the initial burden of showing that the information is relevant. *See* Fed. R. Civ. P. 37(a); *Caver v. City Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000). The party objecting to discovery must explain and support their objections. *See Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990).

Pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, a Court "may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1). Notably, the Court's February 18, 2022 Pretrial Scheduling Order provided that failure "to comply with any of the terms of this Order[] may result in sanctions[.]" (Dkt. No. 120 at p. 4). Further, "[a] party's failure to obey a court order directing that discovery be produced triggers the imposition of sanctions under Rule 37(b)." *Gov't Emps. Ins. Co. v. E. Coast Spine, Joint & Sports Med. Pro. Ass'n*, Civ. No. 21-19408, 2022 WL 4237082, at *3 (D.N.J. Sept. 14, 2022) (citing Fed. R. Civ. P. 37(b)(2)(A)). In addition, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action or claim may be dismissed if a plaintiff fails to comply with the Federal Rules of Civil Procedure or a court order. Fed. R. Civ. P. 41(b); *see also in re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236,

6

242 n.4 (3d Cir. 2013). In considering whether to involuntarily dismiss claims or a case, a court considers the following six factors set forth in *Poulis*:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (quoting *Poulis*, 747 F.2d at 868). No single factor is dispositive, and "not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution." *Id.* (citing *Poulis*, 747 F.2d at 868).

## III. DISCUSSION

The Court first addresses Defendants' requests to compel Plaintiffs to produce documents and information from each Assignor and reject Plaintiffs' proposal to proceed with representative discovery from the Assignors.

Generally, "a party bringing an assigned claim must produce discovery on the same basis to which the defendants would have been entitled if an assignor had brought the claim directly." *Sanofi-Aventis U.S. LLC*, 2021 WL 7837251, at *3; *see also Royal Park Invs. SA/NV v. Deutsche Bank Nat'l Tr. Co.*, 314 F.R.D. 341, 344 (S.D.N.Y. 2016) (case citations omitted); *JPMorgan Chase Bank v. Winnick*, 228 F.R.D. 505, 507 (S.D.N.Y. 2005). This is because the claims at issue are those of the assignors. *See Winnick*, 228 F.R.D. at 507. Courts have noted that "[i]f plaintiff and the assignees failed to obtain rights to insist on cooperation from their assignors in providing such discovery, and cannot persuade the [assignees] to cooperate now, that is their problem, not defendants'." *Id.*

7

Here, the *Sanofi-Aventis U.S. LLC* matter squarely addressed a similar issue as to the scope of discovery when a plaintiff asserts claims on behalf of multiple assignors. *See generally Sanofi-Aventis U.S. LLC*, 2021 WL 7837251. In their opposition, Plaintiffs provide no basis to deviate from the general principle that requires the production of discovery as to each assignor or to distinguish this matter from *Sanofi-Aventis U.S. LLC*. Accordingly, the Court finds that Plaintiffs have an obligation produce any documents and information as to each Assignor to which Defendants would be entitled under the Federal Rules of Civil Procedure to the same extent as if each Assignor brought this action themselves. *See* Fed. R. Civ. P. 26(b)(1); *Sanofi-Aventis U.S. LLC*, 2021 WL 7837251, at *3. The Court, therefore, GRANTS Defendants' Motion to the extent it seeks to compel Plaintiffs "to produce the same documents and information from each Assignor that Defendants would have been entitled to if the Assignor had brought the lawsuit itself." *Sanofi-Aventis U.S. LLC*, 2021 WL 7837251, at *5.

Turning to Defendants' request to strike with prejudice those claims brought on behalf of Assignors who have failed to confirm their participation in response to an email sent by Plaintiffs' counsel, the Court finds the request premature. First, the Court's February 18, 2022 Pretrial Scheduling Order set an obligation to email Assignors; it did not provide that an Assignor's failure to respond with confirmation of participation would have preclusive effect. Second, discovery here is still in the relatively early stages and remains ongoing. The landscape of discovery as to individual Assignors is evolving, and the Court finds the record on this Motion inadequate to assess a sanction so severe as a dismissal with prejudice. Defendants may renew the request at a more appropriate time when the record clarifies the extent of produced discovery, if any, regarding the individual Assignors. Accordingly, the Court DENIES, without prejudice, Defendants' Motion to

the extent that it seeks to strike with prejudice those claims of Assignors who have not yet confirmed their participation in discovery.

## IV. CONCLUSION

For the reasons set forth above,

**IT IS, THEREFORE**, on this 17th day of October 2022,

**ORDERED** that Defendants' Motion to Strike Claims and Compel Discovery from the assignors of Plaintiffs MSP Recovery Claims, Series LLC, a Delaware series limited liability company, and MSPA Claims 1, LLC, a Florida limited liability company (Dkt. No. 131) is hereby **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED** that Plaintiffs shall produce any documents and information as to each Assignor to which Defendants would be entitled to under the Federal Rules of Civil Procedure to the same extent as if each Assignor brought this action themselves; and it is further

**ORDERED** that the Clerk of the Court shall TERMINATE the Motion pending at Docket Entry Number 131.

**SO ORDERED.**

Dated October 17, 2022.

RUKHSANAH L. SINGH
UNITED STATES MAGISTRATE JUDGE